United States, or in such foreign vessels as truly and wholly belong to the citizens or subjects of that country of which the goods are the growth, production or manufacture, or from which such goods, wares or merchandise can only be, or most usually are, first reshipped for transportation; provided, nevertheless, that this regulation shall not extend to the vessels of any foreign nation which has not adopted, and which shall not adopt a similar regulation."

[NOTE. The decree in this case dismissing the libel was reversed, upon appeal, by the circuit court. Case No. 9,222. The decree of the circuit court forfeiting the vessel was affirmed by the supreme court. 17 Wall. (84 U. S.) 582.]

## Case No. 15,734.

### UNITED STATES v. MASON.

[Cited in Cully v. Baltimore & O. R. Co., Case No. 3,466. Nowhere reported; opinion not now accessible.]

## Case No. 15,735.

### UNITED STATES v. MASON et al.

[6 Biss. 350; [1] 21 Int. Rev. Rec. 245.]

District Court, N. D. Illinois. May, 1875.

INTERNAL REVENUE—DISTILLERIES—GOVERNMENT CONTROL—RIGHT TO EXAMINE BOOKS.

1. The government has, under the revenue laws, the right to control and regulate the manufacture of spirits, for the purpose of the collection of its revenue.

[Cited in U. S. v. Three Tons of Coal, Case No. 16,515.]

2. The government has the right to examine all books kept by a distiller or rectifier pertaining to his business—his private books as well as those required by law. Such examination should be made by order of the court, and in the presence of the party or his counsel.

[Cited in Place v. Norwich & N. Y. Transp. Co., 118 U. S. 503, 6 Sup. Ct. 1162. Disapproved in Boyd v. U. S., 116 U. S. 635, 6 Sup. Ct. 535; U. S. v. Shapleigh, 4 C. C. A. 237, 54 Fed. 132.]

3. If the private books show a different state of facts from that shown by the books kept for the government, they may be treated as government books also.

4. If the distiller refuses to produce his books, the court may order the vaults containing them to be opened by its officers.

5. It is not necessary to specify the books, but the officers may take all books found on the premises, the presumption being that they belong to the distilling business.

Motion to compel the defendants, distillers, to produce their books and papers for the inspection of the government officials.

J. D. Ward, U. S. Atty., and John E. Burke, Asst. U. S. Atty.

Matt. H. Carpenter and Edmund Jussen, for defendant.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

BLODGETT, District Judge. The questions before me are presented in two lights, or rather there are two proceedings before the court for decision, involving substantially the same points. Within a short time after the seizure of the rectifying establishment of Parker R. Mason & Co., and the distillery and rectifying establishment of Roelle, Junker & Co., an application was made to the court on behalf of the claimants of the property, setting up, in substance, that the officers of the government had possession of the establishments of the claimants, and that in the establishments, respectively, were safes or vaults which contained the private books, writings, and papers of the claimants and that the officers threatened to open the vaults or safes, and examine and carry away the books, etc. Upon the showing made by the petition an injunction order was entered by the court, restraining the officers of the government from opening the safes or vaults until the question could be argued and determined by the court as to the right to seize and examine books and papers

Shortly after the granting of this injunction, and before the time fixed for the argument, the district attorney came into court, and, under the provisions of the fifth section of the act of 1874, entitled, "An act to amend the customs-revenue laws and repeal moieties" (18 Stat. 186), asked for an order authorizing an examination of certain books belonging to the parties in question, stating in substance that those books would tend to prove the issue raised by the seizure proceedings.

The questions argued were practically whether the injunctional order which was granted in the first instance in favor of Parker R. Mason & Co., and Roelle, Junker & Co., should be made final, and also whether the respondents, the claimants of the property which had been seized, should be required to produce their books for the inspection of the officers of the government.

The property which has been seized in this instance is all the property used in the business of distilling and rectifying, which the claimants were carrying on. The property seized consists of the distillery, tools, apparatus, material, and distilled spirits on hand, found upon the distillery premises, and the liquors found in the rectifying establishments, with the apparatus and fixtures used in the rectifying business. The government claims to have seized this property under the various provisions of the internal revenue law, subjecting the property of distillers and rectifiers to seizure in cases of violation of the provisions of the revenue law.

An examination of the various provisions of the revenue law, which I will not go through in detail, shows that this law is framed substantially upon the theory that the government is, for the purpose of collecting the tax imposed, to exercise an exclusive surveillance over the manufacture and the rectifying or compounding of alcoholic spirits.